[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO MODIFY PREJUDGMENT REMEDY (NO. 106)
Defendant and her husband, from whom she is now divorced, signed a note payable to Connecticut National Bank on July 31, 1986. The note had a maturity date of August 1, 1991 and was concededly a commercial transaction. Plaintiff's successor (Shawmut Bank) filed an ex parte attachment of defendant's real estate pursuant to a commercial waiver under Connecticut General Statutes 52-278f.
When defendant sold the residential property, the proceeds of the sale in the amount of approximately 140,000.00 were transferred to an interest bearing escrow account. Defendant now seeks to modify that prejudgment remedy by eliminating it entirely or reducing it because it is excessive.
Plaintiff initially claims that, as the funds are in escrow, this court has no jurisdiction. This claim is without merit as the escrow funds represent a substitute for the real estate attached pursuant to statute.
Defendant claims that the extension of the maturity date of the note from 1991 to 1994 transformed this into a consumer loan. She argues that this is so because she was divorced at the time of the extension. Additionally, defendant claims that proper disclosures with respect to a consumer loan were not made at the time of the extension; therefore, defendant is not liable, or at most is liable only for what was due and payable up to the time of the extension.
Defendant cites no legal authority for these propositions. Defendant testified that she went along with the modification without question to insure that her former husband could continue in business and therefore continue support payments for the minor children. Although her motivation to agree to the extension might have been personal, that motivation did not transform this from a commercial to a consumer transaction. No additional funds were advanced at the time of the extension. This remained a commercial transaction; therefore, no consumer loan disclosures were required.
Defendant's further claim that she should have been advised of the consequences of not agreeing to the extension is without merit. Counsel argues that, if defendant had been so advised, she might have elected to have legal procedures instituted immediately, thereby avoiding more interest and the CT Page 4315 drop in real estate values which occurred during the ensuing years. First, there was no such testimony from defendant. In fact, her testimony was to the contrary — she definitely wanted the modification. Secondly, this theory rests entirely on speculation.
The court finds probable cause to sustain the validity of the plaintiff's claim in the amount of $647,880.52. Based on the testimony before the court, the $140,000.00 does not constitute an excessive attachment even considering the other properties available for foreclosure.
The motion to modify is denied.
E. EUGENE SPEAR, JUDGE